UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAFI, INC, <br>    *Plaintiff,* <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF16, ASSET-BACKED CERTIFICATES, SERIES 2006-FF16; AND SPECIALIZED LOAN SERVICING LLC, <br>    *Defendants.* | Civil Action No. |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1441, 1446, and 1331, Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF16, ASSET-BACKED CERTIFICATES, SERIES 2006-FF16 ("DB") AND SPECIALIZED LOAN SERVICING LLC ("SLS" and together with Deutsche "Defendants") hereby removes the above-captioned action from the 189th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

### THE REMOVED CASE

1. The removed case is a civil action filed on August 19, 2020, in the 189th Judicial District Court of Harris County, Texas, styled *Kafi, Inc. v. Deutsche Bank National Trust Company, As Trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed*

1

*Certificates, Series 2006-FF16;and Specialized Loan Servicing, LLC*. The case received cause number 2019-60907 in the state court.

2. Plaintiff's Original Petition ("Petition") seeks injunctive relief and declaratory judgment to stop the foreclosure of real property located at 2707 Shenandoah Drive, Pasadena, Texas 77502 (the "Property"), and alleges causes of action for violation of the statute of limitations, quiet title, and violation of §12.002 of The Texas Civil Practice and Remedies Code. *See* Petition ¶¶ 10-68.

## VENUE

3. Venue in the Southern District of Texas, Houston Division is proper under 28 U.S.C. §1441(a), because this Court is the United States District Court for the district and division embracing the place where the state court action is pending.

## PROCEDURAL REQUIREMENTS

4. In accordance with 28 U.S.C. § 1446(a), Defendants attaches hereto true and correct copies of all process, pleadings, and orders in the state court action to date, in addition to an Affidavit regarding the appraised value of the Property regarding the fair market value of the Property, as Exhibits 1 through 6.

5. On August 19, 2020, Plaintiff filed suit in state court. On August 26, 2020, Plaintiff served Defendant with citation and a copy of Plaintiff's Petition. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the 189th Judicial District Court of Harris County, Texas. Defendants will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

## T<span>HIS</span> C<span>OURT</span> H<span>AS</span> D<span>IVERSITY</span> J<span>URISDICTION</span> U<span>NDER</span> 28 U.S.C. § 1332

7. Under 28 U.S.C. §1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." 28 U.S.C. §1332(a)(1). This case falls within this Court's original jurisdiction under Section 1332 because there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

**A. Removal is proper because there is Diversity of Citizenship between all defendants.**

8. According to Plaintiff's Petition, Plaintiff owns the Property located in Harris County, Texas. *See* Petition ¶ 1.

9. Specialized Loan Servicing LLC is a mortgage servicer organized and existing under the laws of the United States. SLS is a Delaware limited liability company. SLS is wholly-owned by Specialized Loan Servicing Holdings LLC, a company whose ultimate parent is Computershare Limited, a publicly traded company on the Australian stock exchange. The citizenship of SLS's member(s) is Colorado. Further, none of SLS's members are citizens of Texas or members of the member. There is, therefore, complete diversity of citizenship. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

10. DB is a foreign entity doing business under the laws of the United States and Texas. Its principal place of business is located in Frankfurt, Germany. DB is thus a citizen of Germany for purposes of determining diversity. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006).

11. There is complete diversity of citizenship in this case because Plaintiff is not a citizen of the same state as Defendants. 28 U.S.C. §1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

**B.     This Court has jurisdiction because the Amount in Controversy substantially exceeds $75,000.**

12.     Removal is proper where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). This burden is met if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). In this case, the Court may look at (1) the current fair market value of the object of requested declaratory and injunctive relief; and (2) alleged actual damages, punitive damages, and attorneys' fees.

13.     In actions seeking injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996); *Dreyer v. Jalet*, 349 F.Supp. 452 (S.D. Tex. 1972), *affirmed* 479 F.2d 1044. The plaintiff in *Farkas* sought damages "not to exceed $60,000," a temporary restraining order, declaratory judgment, and a permanent injunction on the defendants' foreclosure of real property. *Farkas* at 341. The Court held that in actions seeking such declaratory and injunctive relief, the property is the object of the litigation. *Id*. "In actions enjoining a lender from transferring property and preserving an individual's ownership interest…the value of the property represents the amount in controversy." *Id*.

14.     In this case, Plaintiff seeks to preserve alleged ownership rights and equity, if any, in the Property. According to the Harris County Appraisal District, the 2020 appraised value of the Property is $194,057 (the "CAD Value") (Exhibit 7). At a minimum, the CAD Value

4

establishes the amount in controversy. *See King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (remand denied because value of Property exceeds $75,000); *see also Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S.D. Tex. 2012); *McDonald v. Deutsche Bank Nat. Trust Co.,* 2011 WL 6396628, *2 (N.D. Tex. 2011). In this case, Plaintiff seeks injunctive and declaratory relief to preserve their alleged ownership rights and equity, if any, in the Property. Plaintiffs do not allege a value to the Property, but according to the Fort Bend County Appraisal District, the 2019 appraised value of the Property is $194,057 (the "CAD Value") (Exhibit 6).[1] It is apparent from the face of the Petition that the amount in controversy in this case exceeds the minimum amount in controversy for diversity jurisdiction.

15. Plaintiff seeks to retain possession of the Property and enjoin a foreclosure sale. At a minimum, the CAD Value establishes the amount in controversy. *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S.D. Tex. 2012); *King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000).

16. Other United States Courts in the Fifth Circuit make similar findings of fact and conclusions of law. *See also King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000.00); *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S. D. Tex 2012).

17. In *Kew*, Judge Rosenthal denied remand and found that "case law makes clear that the value of the Kews' home…is the amount in controversy in this litigation. The Kews seek a permanent injunction preventing the defendants from 'taking any action to foreclose, remove, evict, or deprive [their] peaceful enjoyment of their home.'" *Id*. at *3. "Because the entire Property is the object of the litigation, the value of the Property—which is greater than

---

[1] The Fort Bend County Appraisal District Records are also available online at https://fbcad.org.

$75,000—is the amount in controversy." *See Buttelman v. Wells Fargo Bank, N.A.,* No. 5:11–CV–00654–XR, 2011 WL 5155919, at *4 (W. D. Tex. Oct. 28, 2011) (holding that because the plaintiff sought to enjoin foreclosure of the Property, the value of the Property was the amount in controversy); *Berry v. Chase Home Fin., LLC,* No. C–09–116, 2009 WL 2868224, at *3 (S. D. Tex. Aug. 27, 2009) (holding that because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property," and that "the value of the declaratory and injunctive relief to Plaintiff" was "the current appraised fair market value of the Property"). Because these various opinions are well-reasoned and directly on point, there is no question that the amount in controversy exceeds the minimum threshold requirement for this Court.

18. Further, the Court may also consider alleged damages, as well as attorneys' fees. *White*, 319 F.3d at 675. Plaintiff "seeks monetary relief of over $100,000 but not more than $200,000." Petition ¶ 81. It is apparent from the face of the Petition that the amount in controversy in this case exceeds the minimum amount in controversy for diversity jurisdiction. These alleged damages, combined with the aforementioned value of the Property at issue, are therefore sufficient to meet Defendant's burden as to amount in controversy. Further, the Court may also consider actual and punitive damages, as well as attorneys' fees. *White*, 319 F.3d at 675. Plaintiff seeks non-specific amounts of actual damages; and, where applicable, statutory, and exemplary damages, in addition to attorneys' fees. *See* Petition at Prayer for Relief. These alleged damages, combined with the aforementioned value of the Property at issue, is sufficient to meet Defendants' burden as to amount in controversy.

## CONCLUSION

19. For the foregoing reasons, this Court has original jurisdiction over this action under 28 U.S.C. §1332, and thus removal to this Court by Defendant is proper. Accordingly,

Defendant hereby removes this action from the 189th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

                              Respectfully submitted,

                              By:   //s// Branch M. Sheppard
                                  BRANCH M. SHEPPARD
                                  Texas State Bar No. 24033057
                                  bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

SARA A. MORTON
Texas State Bar No. 24051090
smorton@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading was delivered via Electronic Filing to the following on this 18th day of September, 2020.

*VIA ECF*
JEFFREY C. JACKSON
JEFFREY JACKSON & ASSOCIATES, PLLC
2200 N. LOOP WEST, STE. 108
HOUSTON, TX 77018
COUNSEL FOR PLAINTIFF

                                //s// Branch M. Sheppard
                                Branch M. Sheppard