UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KAFI, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL** | § | **CIVIL ACTION NO. 4:20-cv-03247** |
| **TRUST COMPANY, AS TRUSTEE** | § | |
| **FOR FIRST FRANKLIN MORTGAGE** | § | |
| **LOAN TRUST 2006-FF16, ASSET-** | § | |
| **BACKED CERTIFICATES, SERIES** | § | |
| **2006-FF16; AND SPECIALIZED LOAN** | § | |
| **SERVICING LLC** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION TO REMAND

COMES NOW, Plaintiff, Kafi, Inc. ("Plaintiff"), and files this Motion to Remand this case back to the 189th Judicial District Court of Harris County, Texas, and would respectfully show the Court as follows:

### I.  Nature and Stage of the Proceeding

1.      There are two defendants in this case: Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed Certificates, Series 2006-FF16 ("2006-FF16 Trust") and Specialized Loan Servicing LLC ("SLS") (together the "Defendants" or "removing parties").

2.      Logue filed her original state court petition in Harris County on August 19, 2020. On September 18, 2020, Defendants removed the case to this court on diversity jurisdiction grounds. DKT #1. There are no pending motions.

## II.  Issues Presented

1. Did Defendants properly allege their own citizenship in their notice of removal? <u>Answer</u>: NO

## III. Argument and Authorities

**A.**     **Standard of Review**

**1.**     **Diversity Jurisdiction Generally**

3.     "Federal courts are courts of limited jurisdiction."[1]  Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.[2]

4.     In a removed action, a district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.[3]  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.[4] The existence of federal subject matter jurisdiction is determined at the time of removal from state court.[5]  Any ambiguities are construed against removal because the removal statute is strictly construed in favor of remand.[6]

---

[1] *Peoples Nat'l Bank v. Office of Comptroller of the Currency of United* States, 362 F.3d 333, 336 (5th Cir. 2004); *accord Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2003), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001).

[2] *See* 28 U.S.C. §§ 1331, 1332; *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, ----, 124 S.Ct. 1920, 1923 n. 1, 158 L.Ed.2d 866 (2004); *Howery*, 243 F.3d at 914-15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).

[3] 28 U.S.C. § 1447(c).

[4] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)*; Howery*, 243 F.3d at 919; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995).

[5] *See Bissonnet Invs. LLC v. Quinlan*, 320 F.3d 520, 525 (5th Cir. 2003) *(citing Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001)).

[6] *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.2002); *Manguno*, 276 F.3d at 723.

    **2.**    **Necessity of Alleging and Establishing Citizenship of all Defendants in Notice of Removal**

5.    If removal is based on diversity jurisdiction, the notice of removal must state facts asserting citizenship of the parties. *Booty v. Shoney's, Inc.* 872 F.Supp 1524, 1528 (E.D.La. 1995); *see also Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 83-84, 135 S.Ct. 547, 551 (2014). If the defendant did not establish the citizenship of the parties at the time of removal, the plaintiff may file a motion to remand arguing jurisdiction has not been established. *See Doe #1 v. Blair*, 819 F.3d 64, 67-68 (4th Cir. 2016); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Spoon v. Fannin Cty. Cmty. Supervision and Corr. Dep't*, 794 F.Supp.2d 703, 705-06 (E.D. Tex. 2011) (quoting *Harden v. Field Mem. Cmty. Hosp.*, 516 F.Supp.2d 600, 606 (S.D. Miss. 2007)).

**B.**    **SLS Fails to Properly Allege and Establish Its Own Citizenship**

6.    The citizenship of a limited-liability company is determined by the citizenship of each member of the entity. *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "[C]itizenship of an unincorporated association must be traced through each layer of the association, however many there may be." *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F.Supp.2d 760, 766 (S.D. Tex. 2007).

7.    In their notice of removal, the removing parties do not properly allege SLS's citizenship. SLS alleges its citizenship as follows:

> Specialized Loan Servicing LLC is a mortgage servicer organized and existing under the laws of the United States. SLS is a Delaware limited liability company. SLS is wholly-owned by Specialized Loan Servicing Holdings LLC, a company

whose ultimate parent is Computershare Limited, a publicly traded company on the Australian stock exchange. The citizenship of SLS's member(s) is Colorado. Further, none of SLS's members are citizens of Texas or members of the member. There is, therefore, complete diversity of citizenship.

DKT #1 at 3.

8.      SLS states that it is wholly owned by another LLC, Specialized Loan Servicing Holdings LLC ("SLS Holdings").   SLS states that SLS Holdings' "ultimate parent company" is Computershare Limited, an Australian company.  However, SLS does not specifically state that Computershare Limited is the *only* member of SLS Holdings, nor does SLS state how many members SLS Holdings has.  Also, SLS does nothing to clarify what is meant by the phrase "ultimate parent company." The phrase "ultimate parent company" implies there could be other entities in between SLS Holdings and Computershare Limited.

9.      Compounding the problem, SLS specifically states that the citizenship of its "member(s)" is Colorado. This seems to contradict SLS' other statements, particularly SLS's statement that Computershare Limited, the supposed "ultimate parent company," is an Australian company. SLS does not state which members of SLS or SLS Holdings are citizens of Colorado.  For the foregoing reasons, the removing parties have failed to properly allege and establish SLS's citizenship.

**C.      <u>Deutsche Failed to Properly Allege and Establish Its Own Citizenship</u>**

10.      In the notice of removal, the removing parties do not properly allege the 2006-FF16 Trust's citizenship. The removing parties allege the 2006-FF16 Trust is a citizen of Germany since the Trustee, Deutsche Bank National Trust Company ("Deutsche Bank"), is supposedly a citizen of Germany.  Dkt. #1 at 3.

11.      The test for determining the citizenship of a trust depends on whether or not the trust is a business trust or traditional trust.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, ----U.S. ----, 136 S. Ct. 1012, 1015 (2016).  A business trust is a form of business organization that is similar to

a corporation that is created for profit and is managed by compensated trustees for the benefit of those who hold transferable interests. *See id.* A traditional trust is an entity commonly used for gift and estate planning purposes that involves a fiduciary relationship between multiple people. *Id.* When a trustee is sued it its own name, the only preliminary question to be answered is whether the party is an "active trustee[ ] whose control over the assets held in [its] name[ ] is real and substantial." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990); *Bynane v. Bank of New York Mellon for CWMBS Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017). If the answer is in the affirmative, the citizenship of the trustee controls, and if the answer is in the negative, the citizenship of the shareholders controls. *Id.* A trustee's control is 'real and substantial' when [it] possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). Generally, "[i]f the trustee ha[s] exclusive authority over the property (*i.e.*, the declaration of the trust 'authorizes the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees'), ... court[s] will look to the citizenship of the trustee alone to determine jurisdiction." *See Ouzenne v. Deutsche Bank Nat'l Tr. Co. for Soundview Home Loan Tr. 2006-3, Asset-Backed Certificates, Series 2006-3*, No. H-16-CV-2563, 2017 WL 1437297, at *2 (S.D. Tex. 2017).

12.     The removing parties completely fail to allege any specific facts which would support the traditional nature of the 2006-FF16 Trust. The removing parties fail to allege any facts to answer the "preliminary question" of whether the trustee is an "active trustee[ ] whose control over the assets held in [its] name[ ] is real and substantial." *Carden*, 494 U.S. at 191; *Bynane*, 866 F.3d at 357.[7] The removing parties skipped this vital step in the citizenship analysis and simply asserted,

---

[7] For instance, the removing parties do specify what powers Deutsche Bank has to hold, manage, and dispose of assets for the benefit of others. There are no allegations that Deutsche Bank has legal title to

without any specific factual basis, that the 2006-FF16 Trust is a traditional trust which has the citizenship of its trustee.

**D.      Even if Deutsche Bank's Citizenship Controls, Evidence Strongly Suggests Deutsche Bank is not a Citizen of Germany**

13.      Business activities of national banks are controlled by the National Bank Act ("NBA"), 12 U.S.C. § 1 *et seq*., and regulations promulgated thereunder by the OCC. *See* §§ 24, 93a, 371(a). As the agency charged by Congress with supervision of the NBA, the OCC oversees the operations of national banks and their interactions with customers. *See NationsBank of N. C., N.A. v. Variable Annuity Life Ins. Co.,* 513 U.S. 251, 254, 256, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995).  The test for the citizenship of a national bank is the location designated in its articles of association as the main office.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006).

14.      The Office of the Comptroller of the Currency ("OCC") maintains a list of active national banks on their website. According to the OCC, "Deutsche Bank National Trust Company" is a National Bank based in Los Angeles, California:

| 23852 Desjardins Bank, National Association | Hallandale | FL | 33565 | 1940747 |
| 18608 Deutsche Bank National Trust Company | Los Angeles | CA | 26732 | 670560 |
| 24452 Deutsche Bank Trust Company, National Association | New York | NY | 34056 | 2325882 |
| 12877 DNB National Bank | Clear Lake | SD | 3977 | 401559 |

Exhibit 1 – OCC PDF; Exhibit 2 – Declaration of Jeffrey C. Jackson

15.      The removing parties claim the "Deutsche Bank National Trust Company" is a German bank – but this is implausible since "Deutsche Bank National Trust Company" is a national bank formed under US law. *See id.*  Notably, all of the national banks from the OCC's list have US locations listed.

---

trust assets, the power to invest those assets for the benefit of the shareholders, or the power to sue and be sued in its capacity as trustee.

## IV. Request for Relief

WHEREFORE, Plaintiff, Kafi, Inc. and respectfully requests this case be remanded back to the

189th Judicial District Court of Harris County, Texas, and for such other relief as it may be justly

entitled.

Respectfully submitted,

**JEFFREY JACKSON & ASSOCIATES, PLLC**

*/s/     Jeffrey C. Jackson*
**JEFFREY C. JACKSON**
Texas State Bar No. 24065485
Southern District No. 1024221
2200 North Loop West, Suite 108
Houston, Texas 77018
713-861-8833 (T)
713-682-8866 (F)
jeff@jjacksonllp.com

ATTORNEY FOR PLAINTIFF
KAFI, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via Certified Mail, Return Receipt Requested, Facsimile and/or the Court's CM/ECF system on October 19, 2020.

**Branch M. Sheppard**
bsheppard@gallowaylawfirm.com
**Sara A. Morton**
smorton@gallowaylawfirm.com
GALLOWAY JOHNSON TOMPKINS BURR & SMITH
1301 McKinney Street, Suite 1400
Houston, Texas 77010
713-599-0700 (T)
713-599-0777 (F)
     *Attorneys for Defendants Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed Certificates, Series 2006-FF16 and Specialized Loan Servicing LLC*

     */s/   Jeffrey C. Jackson*
     **JEFFREY C. JACKSON**