UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAFI, INC,<br>    *Plaintiff,*<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF16, ASSET-BACKED CERTIFICATES, SERIES 2006-FF16; AND SPECIALIZED LOAN SERVICING LLC,<br>    *Defendants.* | Civil Action No. 4:20-CV-03247 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conducted a Rule 26(f) conference on November 10, 2020. Sean R. Pink represented Plaintiff Kafi, Inc. ("Plaintiff"). Sara A. Morton represented defendants Deutsche Bank National Trust Company, As Trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed Certificates, Series 2006-FF16 ("DB") and Specialized Loan Servicing LLC ("SLS" and together with DB "Defendants").

**2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

None known at this time.

**3. Briefly describe what this case is about.**

Plaintiff seeks a declaratory judgment as to all defendants that such parties do not have a right to foreclose on the Property because the applicable statute of limitations to foreclose has expired. Plaintiff also alleges that she holds superior title and requests a declaratory judgment for quiet title as to all defendants, voiding all documents indicating an interest by any Defendant in the Property, and violations of Section 12.002 of the Texas Civil Practice & Remedies Code.

Defendants deny each and every allegation set forth in Plaintiff's petition and further deny that Plaintiff is entitled to any of the requested relief.

1

4. **Specify the allegation of federal jurisdiction.**

The Court has subject matter jurisdiction over the claims Pursuant to 28 U.S.C. §1332, because the case involves a dispute between completely diverse parties and the amount in controversy, excluding interest and costs, exceeds $75,000.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

Plaintiff disagrees with the jurisdictional allegations and advises their pending motion to remand be reviewed for a full explanation of Plaintiff's reasoning.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None known at this time.

7. **List anticipated interventions.**

None known at this time.

8. **Describe class-action issues.**

None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Neither party has served initial disclosures. The parties will exchange initial disclosures no later than December 8, 2020. There are currently no issues or disputes relating to the disclosures.

10. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;**

   The parties will produce documents in PDF format.

   B. **When and to whom the plaintiff anticipates it may send interrogatories;**

   Plaintiff has not served Defendants with admissions, interrogatories, and requests for production but anticipates doing so within 60 days of this filing.

   C. **When and to whom the defendant anticipates it may send interrogatories;**

Defendants have not served Plaintiff with admissions, interrogatories, and requests for production but anticipates doing so within 60 days of this filing.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates taking depositions of corporate representatives of Defendants and any fact witnesses within the discovery deadline.

**E.     Of whom and by when the defendant anticipates taking oral depositions;**

Defendants anticipate taking the oral deposition of Plaintiff and/or any person as identified as having relevant knowledge within the discovery deadline.

**F.     (i) The date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

The parties do not, at this time, anticipate designating any experts besides experts on attorney's fees. The parties agree to submit all attorney's fee issues to the court after liability and damages are resolved.

**(ii) The date experts for defendant will be designated and their reports provided to opposing party;**

Within thirty (30) days of Plaintiff's designation.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. (*see* Rule 26(a)(2)(B) (expert report)); and**

Plaintiff will depose any of Defendants' experts on any issues, if any, before the discovery deadline set by the Court.

**H.     List of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(B) (expert report)).**

Defendants will depose any of Plaintiff's experts on any issues, if any, before the discovery deadline set by the Court.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

3

**13. State the date the planned discovery can reasonably be completed.**

Discovery should be reasonably completed no later than October 8, 2021.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Prior to engaging in discussions of settlement or resolution of this case, the Parties need to conduct discovery. Defendants will attempt to confer with Plaintiff.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties conferred, but it does not appear that an amicable resolution is possible at present.

**16. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Defendants do not oppose mediation as an appropriate form of alternative dispute resolution, and would propose that an appropriate deadline for the completion of any such mediation procedure would be thirty (30) days prior to the date set for trial. Defendants request that mediation not be mandatory.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff made a timely jury demand on upon filing its Original Petition.

**19. Specify the number of hours it will take to present the evidence in this case (including jury selection, presentation of evidence, counsel's opening statements and arguments, and charging the jury).**

Trial anticipated to last 1-2 days.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Motion to Remand. Defendants may file Motion for Summary Judgment.

**21. List other motions pending.**

None at this time.

**22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

None at this time.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Defendants filed their Certificate of Interested Parties on October 6, 2020. Plaintiff filed its Certificate of Interested Parties on September 28, 2020.

**24. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Counsel for Plaintiff:

Jeffery C. Jackson
TBA No. 24065485
jeff@jjacksonllp.com
Sean R. Pink
TBA No. 24116908
sean@jjacksonllp.com
JEFFFREY JACKSON & ASSOCIATES, PLLC
2200 N. Loop West, Ste. 108
Houston, Texas 77018
(713) 861-8833 [telephone]
(713) 682-8866 [facsimile]

Counsel for SLS AND DB:

Branch M. Sheppard
TBA No. 24033057
bsheppard@gallowaylawfirm.com
Sara A. Morton
TBA No. 24051090
smorton@gallowaylawfirm.com
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 [telephone]
(713) 599-0777 [facsimile]