AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of Texas

| | |
|---|---|
| Kafi, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Deutsche Bank National Trust Company | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   4:20-cv-03247

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Bank of America, N. A., by and through its Texas registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit A attached hereto.

| Place:  2200 North loop West, Ste. 108, Houston, TX 77018* | Date and Time: |
|---|---|
| *See Exhibit B attached hereto. | 03/17/2021 9:30 am |

The deposition will be recorded by this method:   Stenographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit C attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/28/2021

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _____ | | | _____ |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kafi, Inc.
_____ , who issues or requests this subpoena, are:
Jeffrey C. Jackson, 2200 North loop West, Ste. 108, Houston, TX 77018, jeff@jjacksonllp.com, 713-861-8833

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:20-CV-03247

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* BANK OF AMERICA, N.A. on *(date)* JANUARY 28, 2021, 12:12 PM.

[X]  I served the subpoena by delivering a copy to the named individual as follows: BANK OF AMERICA, N.A., BY AND THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM BY DELIVERING TO ITS DESIGNATED AGENT LINDSAY BARRIENTEZ AT THEIR PLACE OF BUSINESS LOCATED AT 1999 BRYAN ST SUITE 900 DALLAS, TX 75201 PERSONALLY IN HAND on *(date)* JANUARY 29, 2021, 2:01 PM; or

[ ]  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 314.32.

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: JANUARY 29,2021

_____
*Server's signature*

Krystal Jones, Private Process Server
_____
*Printed name and title*

VeriServe Solutions, Inc.
11200 Broadway St., Suite 2743 Pearland, TX 77584
_____
*Server's address*

Additional information regarding attempted service, etc.:
**DELIVERED:**
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
FEDERAL RULE OF CIVIL PROCEDURE 45 (C), (D), (E) AND (G) (EFFECTIVE 12/1/13)
SUBPOENA EXHIBIT "A" DEPOSITION TOPICS
SUBPOENA EXHIBIT "B" REMOTE MEANS AND RESCHEDULING NOTICE
SUBPOENA EXHIBIT "C" DOCUMENT PRODUCTION
WITNESS FEE CHECK VV220 IN THE AMOUNT OF $314.32

5301914

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAFI, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | **CIVIL ACTION NO. 4:20-cv-03247** |
| **COMPANY, AS TRUSTEE FOR FIRST** | § | |
| **FRANKLIN MORTGAGE LOAN** | § | |
| **TRUST 2006-FF16, ASSET-BACKED** | § | |
| **CERTIFICATES, SERIES 2006-FF16;** | § | |
| **AND SPECIALIZED LOAN** | § | |
| **SERVICING LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**SUBPOENA EXHIBIT A – DEPOSITION TOPICS**

## I.      Definitions

1. A party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, the party's predecessors, divisions, subsidiaries, present and former officers, agents, employees, affiliates, servicers, sub-servicers, custodians, and trust managers, and all other persons and entities acting on its behalf, including any attorney.

2. "You" or "your" means Bank of America, N.A. and Bank of America, N.A.'s predecessors, divisions, subsidiaries, present and former officers, agents, employees, affiliates, servicers, sub-servicers, custodians, and trust managers, and all other persons and entities acting on Bank of America, N.A.'s behalf, including any attorney.

"Property" refers to that certain property located at 2707 Shenandoah Drive, Pasadena, Texas 77502, which is the subject of this present lawsuit.

"Note" or "mortgage note" refers to the promissory note executed by Will A. Lomax III on or about September 14, 2006 showing a $136,850.00 loan obtained from First Franklin.

"Deed of Trust" refers to the deed of trust executed by Will A. Lomax III on or about September 14, 2006 securing the promissory note in the amount of $136,850.00 and recorded in the real property records of Harris County, Texas as document 20060066119.

"Loan Documents" or "Loan" refers to the Note and Deed of Trust collectively, including any modifications thereof.

The word "or" is used in the inclusive sense; that is, the word "or" may be read as "and/or."

Allonge (n.): A slip of paper sometimes attached to a negotiable instrument for the purpose of affixing further endorsements.

Assignment (n.): A written instrument memorializing a transfer of rights or property, including a monetary instrument.

Assignee: One to whom property, rights, or powers are transferred by another.

Assignor: One who conveys an interest in property, rights, or powers by written instrument.

Consideration: Something, such as an act, a forbearance, or a return promise, bargained for and received by a promisor from a promisee; that which motivates a person to enter into a contract. For purposes of this deposition notice, "consideration" also means "valuable consideration" (defined as consideration that either confers a pecuniarily measurable benefit on the one party or imposes a pecuniarily measurable detriment on the other).

Constructive Possession: Control or dominion over property, including a monetary instrument, without actual custody or possession of it.

Employment Status: Means the person's job title and job description, or lack of employment as the case may be, at the time of the event for which the person purported to act on your behalf.

Endorsement (n.) The placing of a signature, sometimes with additional notations, on the back or bottom of a negotiable instrument to transfer or guarantee the instrument or to acknowledge payment.   For purposes of this deposition notice, "endorsement" also includes a "blank endorsement" (defined as an endorsement that names no specific payee thus making the instrument payable to bearer and negotiable by delivery only) and a "special endorsement" (defined as an endorsement that identifies a specific payee to receive payment or to whom the goods named in the document must be delivered).

Mortgage-Backed Securities Trust: An entity formed with the intent to pool mortgage loans into a trust where each loan qualifies as a "qualified mortgage" as defined by Title 26, Subtitle A, Chapter 1, Subchapter M, Part IV, Section 860G(a)(3) of the United States Code.

Negotiation (n.): The transfer of an instrument by blank endorsement accompanied by physical delivery whereby the transferee takes it for valuable consideration and in good faith or by special endorsement whereby the transferee takes it for valuable consideration and in good faith.

Nominee: A person or entity designated to act in place of another person or entity or a person or entity that holds bare legal title for the benefit of another person or entity.

Policies: Courses or principles governing action or conduct to be taken which has been adopted or proposed by an entity.

Procedures: An established or official way of doing something or a series of actions conducted in a certain manner or order.

Repurchase Agreement: An agreement by which a party who has originated a mortgage loan or is a successor in interest to an originator of a mortgage loan agrees to repurchase such mortgage loan out of a Mortgage-Backed Securities Trust if such mortgage loan does not qualify as a "qualified mortgage" as defined by Title 26, Subtitle A, Chapter 1, Subchapter M, Part IV, Section 860G(a)(3) of the United States Code.

Transfer (n.): Negotiation of an instrument according to the forms of law; the methods are endorsement, delivery, and assignment. For purposes of this deposition notice, "transfer" also means any mode of disposing of or parting with an asset or an interest in an asset, whether done directly, indirectly, absolutely, conditionally, voluntarily, or involuntarily.

Transfer (v.): To sell or give from one person to another; to pass or hand over from one to another possession and/or control of a thing or instrument.

Transferee (n.) One who is conveyed an interest in property, including a monetary note or instrument.

Transferor (n.): One who conveys an interest in property, including a monetary note or instrument.

## II.       Topics

    a.       Any and all transfers and negotiations of the Note from the Loan's origination until the present including all circumstances related to the transfers of, negotiations of, endorsements on, or alonges on the mortgage note.  This topic includes but is not necessarily limited to:

            i.   when you came into physical or constructive possession of the mortgage note;

           ii.   from whom you were transferred or negotiated the mortgage note;

         iii.   when you no longer had physical or constructive possession of the mortgage note;

         iv.   to whom you transferred or negotiated the mortgage note;

          v.   the type, character, date tendered, and amount of any consideration you paid for the mortgage note; and

      vi.  the type, character, date tendered, and amount of any consideration paid to you by some other person or entity for the mortgage note.

b.  Any and all assignments or corrected assignments (including any draft or unrecorded assignments) of the Note where you were either assignor or assignee, or which you caused to be created or information affixed thereon, from the mortgage note's origination until the present including all circumstances related to the assignments of, for, and related to the Note.  The documents referenced in this topic include but are not limited to those assignments and corrected assignments attached as exhibits to Plaintiff's Petition in this case.  This topic includes but is not necessarily limited to:

      i.  the date, time, and location of the creation and execution of any assignment;

      ii.  the facts and circumstances, including locations, names of responsible departments, and names of personnel present and responsible for the creation, preparation, and affixing of information on any assignments or corrected assignment;

      iii. the material content of any assignments or corrected assignment including how the identity of the assignor and assignee was determined and affixed to or added to any assignments or corrected assignments and the temporal order, including date, time, and location, that content and information was affixed or added to any assignments or corrected assignments;

      iv. the date, time, and location of the execution or signing of any assignments or corrected assignments;

      v. the date, time, and location of the notarization and notary stamping of any assignments or corrected assignments;

      vi. the identity of, employment status at the time of any assignment, and employment history of any persons who executed, signed, or stamped (whether for themselves or someone else) any assignments or corrected assignments, including notary publics;

      vii. whether any assignments or corrected assignments were signed or executed by persons not named on any assignment or corrected assignment and how any such persons who signed or executed the assignments or corrected assignments but were not named on the assignment or corrected assignment had authority to sign from persons who were named on the assignments or corrected assignments;

      viii. from whom you were assigned the mortgage note;

ix. to whom you assigned the mortgage note;

x. the type, character, date tendered, and amount of any consideration you paid for an assignment of the mortgage note; and

xi. the type, character, date tendered, and amount of any consideration paid to you by some other person or entity for an assignment of the mortgage note.

c.  Any and all assignments or corrected assignments (including any draft or unrecorded assignments) of the Deed of Trust involving you as either assignor or assignee, or which you caused to be created or information affixed thereon, from the mortgage Deed of Trust's origination until the present including all circumstances related to the assignments of, for, and related to the Deed of Trust.  The documents referenced in this topic include but are not limited to those assignments and corrected assignments attached as exhibits to the document production requests included with this subpoena.  This topic includes but is not necessarily limited to:

i.  the date, time, and location of the creation of any assignment;

ii.  the facts and circumstances, including locations, names of responsible departments, and names of personnel present and responsible for the creation, preparation, and affixing of information on any assignments or corrected assignment;

iii. the material content of any assignments or corrected assignment including how the identity of the assignor and assignee was determined and affixed to or added to any assignments or corrected assignments and the temporal order, including date, time, and location, that content and information was affixed or added to any assignments or corrected assignments;

iv. the date, time, and location of the execution or signing of any assignments or corrected assignments;

v. the date, time, and location of the notarization and notary stamping of any assignments or corrected assignments;

vi. the identity of, employment status at the time of any assignment, and employment history of any persons who executed, signed, or stamped (whether for themselves or someone else) any assignments or corrected assignments, including notary publics;

vii. whether any assignments or corrected assignments were signed or executed by persons not named on any assignments or corrected assignments and how any such persons who signed or executed the

assignments or corrected assignments but were not named on the assignments or corrected assignments had authority to sign from persons who were named on the assignments or corrected assignments;

viii. from whom you were assigned the Deed of Trust;

ix. to whom you assigned the Deed of Trust;

x. the type, character, date tendered, and amount of any consideration you paid for an assignment of the Deed of Trust; and

xi. the type, character, date tendered, and amount of any consideration paid to you by some other person or entity for an assignment of the Deed of Trust.

d. The chain of successive assignments or transfers of the Note or Deed of Trust from the original lender, including the identity of all parties in the chain of successive assignments, transfers, and negotiations, the dates of each successive assignment, transfer, or negotiation, and for what person or entity any such party in the successive chain was acting as agent or nominee for in making the assignment or transfer.

e. Your policies and procedures regarding creating, preparing, inserting information into, and recording assignments of notes and/or deeds of trust effective on October 14, 2011.

f. Your policies and procedures regarding creating, preparing, inserting information into, and recording assignments of notes and/or deeds of trust effective on December 19, 2011.

g. Your policies and procedures regarding creating, preparing, and inserting endorsements and alonges on mortgage notes from the origination of the Loan to present.

h. Your policies and procedures regarding creating, preparing, inserting information into, and recording assignments of notes and/or deeds of trust from the origination of the Loan to present.

i. The existence and nature of any and all agreements you had with some other party to service or be the loan servicer or mortgage servicer for the Loan, including the complete history of all loan/mortgage servicers of the Loan.

j. Whether or not the Loan was ever the subject of a repurchase agreement.

k. The requirements of any Pooling and Servicing Agreement or Mortgage Loan Purchase and Sale Agreement with regard to the transfer, assignment, negotiation, and endorsement of the Loan.

l.  The requirements of any Pooling and Servicing Agreement or Mortgage Loan Purchase and Sale Agreement with regard to acknowledgement that the Loan was part of the corpus of subject trust for which you claim to be acting as Trustee.

m.  the information contained on any diskette or other storage medium delivered to you in connection with the acquisition of the Loan.

n.  The contents of any loan schedule for the Trust for which Deutsche Bank is acting as Trustee.

o.  The contents of any trust, transfer, depository, pooling, pooling and servicing, loan purchase, servicing, custodian or related agreement under which you are claiming the right to be or are acting as a mortgage servicer of the Loan.

p.  All communications between you and Deutsche Bank that are related to the Loan.

q.  All communications between you and Specialized Loan Servicing that are related to the Loan.

r.  The employment history of Christopher Herrera.

s.  The employment history of Melanie D. Cowan.

t.  The employment history of Norma Rojas.

u.  The employment history of Michele Christine Preston.

v.  Christopher Herrera's signature.

w.  Melanie D. Cowan's signature.

x.  Norma Rojas' signature.

y.  Michele Christine Preston's signature.

Respectfully submitted,

**Jeffrey Jackson & Associates, PLLC**

*/s/     Jeffrey C. Jackson*
**JEFFREY C. JACKSON**
Texas State Bar No. 24065485
2200 North Loop West, Suite 108
Houston, Texas 77018
713-861-8833 (T)
713-682-8866 (F)
jeff@jjacksonllp.com

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **KAFI, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | **CIVIL ACTION NO. 4:20-cv-03247** |
| **COMPANY, AS TRUSTEE FOR FIRST** | § | |
| **FRANKLIN MORTGAGE LOAN** | § | |
| **TRUST 2006-FF16, ASSET-BACKED** | § | |
| **CERTIFICATES, SERIES 2006-FF16;** | § | |
| **AND SPECIALIZED LOAN** | § | |
| **SERVICING LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## SUBPOENA EXHIBIT B – REMOTE MEANS AND RESCHEDULING NOTICE

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides as follows:

> (4) By Remote Means. The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

Due to ongoing global pandemic conditions, the undersigned attorney prefers to conduct the deposition using remote means, specifically, over the Internet using the Zoom application.  Upon receipt of the subpoena, please contact the undersigned attorney to discuss your position on conducting a remote Internet deposition using the Zoom application. Also, the undersigned attorney is willing to work with you or your representative to reschedule the deposition should the location, date, and time listed on the face of the subpoena be inconvenient.  If I do not hear from you or your representative regarding your position on using Zoom for the deposition and on

rescheduling to a more convenient location, date, and/or time for the deposition, the location, date, and time for the deposition listed on the face of the subpoena are valid.

Respectfully submitted,

**Jeffrey Jackson & Associates, PLLC**

*/s/     Jeffrey C. Jackson*
**JEFFREY C. JACKSON**
Texas State Bar No. 24065485
2200 North Loop West, Suite 108
Houston, Texas 77018
713-861-8833 (T)
713-682-8866 (F)
jeff@jjacksonllp.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAFI, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | **CIVIL ACTION NO. 4:20-cv-03247** |
| **COMPANY, AS TRUSTEE FOR FIRST** | § | |
| **FRANKLIN MORTGAGE LOAN** | § | |
| **TRUST 2006-FF16, ASSET-BACKED** | § | |
| **CERTIFICATES, SERIES 2006-FF16;** | § | |
| **AND SPECIALIZED LOAN** | § | |
| **SERVICING LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**SUBPOENA EXHIBIT C - DOCUMENT PRODUCTION**

**A. General Instructions**

1. All Documents are to be divulged which are not privileged and are in the possession, custody or control of Bank of America, N.A., its predecessors, divisions, subsidiaries, present and former officers, agents, employees, affiliates, servicers, sub-servicers, custodians, and trust managers, and all other persons and entities acting on its behalf, including any attorney.

2. These Requests are continuing in nature and require supplemental answers in the event you or your attorney discover additional responsive information.

3. Where knowledge or information in Bank of America, N.A.'s possession, custody or control is requested, such request includes knowledge or information possessed by Bank of America, N.A.'s present or former (at the time they were acting on Bank of America, N.A.'s behalf) attorneys, agents, subordinates, employees, directors, nominees, officers, representatives, affiliates, servicers, sub-servicers, and consultants, and anyone else from whom Bank of America, N.A. has a superior right to compel the information.

4. The singular form of a word shall be interpreted as a plural and the plural form of a word shall be interpreted as a singular whenever appropriate in order to bring within the scope of the rquests any information that might otherwise be considered beyond their scope.

5. In the event that any Document requested or that you refer to in a response has been lost or destroyed, please identify that document by author(s), addressee(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each document, date of loss or destruction, and the name and title of the person responsible for the loss or destruction.

6. If Bank of America, N.A. objects or refuse to answer in whole or in part any Request propounded below, or if Bank of America, N.A. objects or refuses to identify or provide any Document requested below on the grounds that it requests information that falls within the scope of any discovery privilege or exemption, please provide the following information as to each such objection:

    (i) The place, date (or approximate date), and manner of recording or otherwise preparing the document;

    (ii) The name and title of sender, and the name and title of recipient of the document;

    (iii) The summary of the contents of the documents;

    (iv) The identity of each person or persons (other than those providing stenographic or clerical assistance) participating in the preparation of the document;

    (v) The identity of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization, the date(s) of said communication, and the employer and title of each person identified at the time of said communication; and

    (vi) A statement of the basis on which a privilege or exemption is claimed.

7. If Bank of America, N.A. believes a Request may request production of some information which is protected by applicable privilege or exemption, Bank of America, N.A.is requested to respond with any responsive information that is not subject to a claim of privilege or other reason for non-production. If Bank of America, N.A. contends a portion of a Document is privileged, Bank of America, N.A. may respond by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted. In the event of redaction, however, Bank of America, N.A. is requested to note on the Document that it has been redacted.

8. If the deposition noticed in the subpoena to which these requests for production of documents are attached is to take place using remote means, the documents requested herein must be produced either: 1) electronically to the undersigned counsel no later than the start time of the remote deposition or 2) by delivery to the undersigned counsel's office no later the start time of the remote deposition.

## B. Instructions for Production

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

a. When identifying the document, you must state the following:

(1) The nature of the document (e.g., letter, handwritten note).

(2) The title or heading that appears on the document.

(3) The date of the document and the date of each addendum, supplement, or other addition or change.

(4) The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

b. When identifying the person, you must state the following:

(1) The full name.

(2) The present or last known residential address and residential telephone number.

(3) The present or last known office address and office telephone number.

(4) The present occupation, job title, employer, and employer's address.

## C. Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, the party's successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, affiliates, servicers, sub-servicers, custodians, and trust managers, and all other persons and entities acting on its behalf, including any attorney.

2. "You" or "your" means Bank of America, National Association and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, affiliates, servicers, sub-servicers, custodians, and trust managers, and all other persons and entities acting on its behalf, including any attorney.

3.  The term "document" and any similar term are used in the broadest possible sense and shall include, but not be limited to, the following: any written, printed, typed, or other graphic matter of any kind or nature; any physical object or thing, animate or inanimate; all mechanical, magnetic or electrical sound recordings, or transcripts thereof; any retrievable data, files, information or statistics contained on any memory device or other information retrieval systems (whether encoded, taped or coded, electrostatically, electromagnetically or otherwise); and also without limitation, files, books, pamphlets, periodicals, agreements, correspondence, letters, telegrams, reports, plats, plans, drawings, maps, surveys, descriptions, charts, diagrams, graphs, blueprints, logs, take-offs, reproductions, films, photographs, motion pictures, video tapes, computer files, studies, proposals, working papers, notes, notebooks, ledgers, diaries, journals, emails, or other books of account, photocopies, memoranda, interoffice communications, minutes, minutes of meetings, instructions, specifications, recordings, telephone call slips, transcripts of telephone conversations, financial statements, financial records, financial memoranda, purchase orders, bills of sale, invoices, bills of lading, receipts, notices, summaries, checks, compilations, work sheets, publications, and published or unpublished speeches or articles in the possession, custody, or control of Bank of America wherever located. The terms "document" and "thing" or any other similar terms, shall also include any attachment thereto or enclosure therewith. The term "document" and any other similar term shall also include any and all data compilations from which information can be obtained. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation, are no longer identical), then each non-identical copy is a separate "document."

4. With respect to any of the documents requested, should any such document be presently unavailable and/or if any such document is not presently in Bank of America's possession, please identify each such document, including: (a) the type or character of the document (e.g., letter, memorandum, signed statement, notes, etc.); (b) the title, if any, of the document; (c) the name and address of the addressee of the document; (d) the names and addresses of all recipients of copies of the document; (e) all information contained in each such document; (f) the date and circumstance under which each such document ceased to be in Bank of America's possession; (g) the reasons each such document was caused to, or happened to, cease to be in Bank of America's possession; (h) the time period during which each such document was maintained; (i) the location of each such document; and (j) the person or persons from whom each such document may be obtained, and having knowledge of such document (and state the substance of such knowledge) and of the circumstances under which each such document ceased to be in Bank of America's possession, including their full name, present or last known business and home addresses

(including street number, apartment number, city, state, and zip code), and business and home telephone numbers.

5. If there is a claim of privilege with respect to any documents requested, please identify every such document in Bank of America's response and include in the identification a description of the document, the date of the document, the names of the addressee and the addressor, the identity of any person to whom a copy was given or communicated, the general subject matter of the document, a statement of facts constituting the basis for any claim of privilege, and the specific basis on which privilege is claimed. If any Request is deemed to call for disclosure of privileged or proprietary documents or things, the Plaintiff in this lawsuit is prepared to negotiate with Bank of America an appropriate protective order concerning the terms and conditions under which privileged or proprietary documents or things may be protected from disclosure.

6. The words "relating to" and all permutations, when used in conjunction with any Request for a document or category of documents, mean embodying, recording, evidencing, summarizing, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying or otherwise discussing in any way a subject matter identified in a Request.

7. The words "communication" and "communications" include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraphs, telex, telecopy, cable, tape recordings, internet or otherwise, and all written communications, including email and text.

8. Any reference to a "person" includes a natural person, a partnership, a corporation, a limited liability company, an unincorporated association, a joint venture, a sole proprietorship or any other form of entity.

9. The word "or" is used in the inclusive sense; that is, the word "or" may be read as "and/or."

10. The words "any" and "every" are also used in the inclusive sense; that is, "any" may be read as "any and all," and "every" may be read as "every and all."

11. The use of the singular shall include the plural, and the use of the plural shall include the singular.

12. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

13. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

14. "Note" or "Promissory Note" refers to the promissory note executed by Will A. Lomax III on or about September 14, 2006 showing a $136,850.00 loan obtained from First Franklin.

15. "Deed of Trust" refers to the deed of trust executed by Lomax on or about September 14, 2006 securing the promissory note in the amount of $136,850.00 and recorded in the real property records of Harris County, Texas as document 20060066119. The Deed of Trust is attached hereto as "Exhibit 1."

16. "Loan Documents" or "Loan" refers to the Note and Deed of Trust collectively, including any modifications thereof.

17. The "Property" refers to that certain property located at 2707 Shenandoah Drive, Pasadena, Texas 77502, which is the subject of this present lawsuit.

18. "Exhibit 2" is a copy of an alleged assignment dated October 14, 2011. It is listed in the Harris County property records as document no. 20110526395. It is attached.

19. "Exhibit 3" is a copy of an alleged assignment dated December 19, 2011. It is recorded in the Harris County property records as document no. 20110539114. It is attached.

20. "Borrower" means Will A. Lomax III.

## D.  REQUESTS FOR PRODUCTION

1.   Produce all written assignments of the Note or Deed of Trust, including all drafts, whether such assignments or drafts have been recorded in the public records or not. If none, state "none."

   **Response:**

2.   Produce copies of all documents evidencing a transfer, negotiation, endorsement, sale, or assignment of the Note or Deed of Trust from the inception of the Loan to the present date. If none, state "none."

   **Response:**

3.   Produce all documents and communications related to the ownership history of the Note and Deed of Trust.  "Ownership history" means the history of transfers, negotiations, sales, endorsements, or assignments of the Note or Deed of Trust from the inception of the Loan to present.  If none, state "none."

   **Response:**

4.   Produce all copies of Note, including any allonges.  If none, state "none."

   **Response:**

5.   Produce a copy of the original Note as it existed when you came into possession of it. If none, state "none."

**Response:**

6. Produce any lost note affidavits related to the Note.

    **Response:**

7. Produce all appointments or substitution of trustee documents related to the Loan, whether filed in the real property records or not.  If none, state "none."

    **Response:**

8. Produce all notices of foreclosure sale related to the Loan, whether filed in the real property records or not.  If none, state "none."

    **Response:**

9. Produce all mortgage statements for the Loan.

    **Response:**

10. Produce all documents and communications sent to the borrower related to the Loan.

    **Response:**

11. Produce all written bills of sale for any assignment, sale, endorsement, negotiation, or transfer of the Note or Deed of Trust to you.  If none, state "none."

    **Response:**

12. Produce all written receipts for any assignment, sale, endorsement, negotiation, or transfer of the Note or Deed of Trust to you.  If none, state "none."

    **Response:**

13. Produce all documents evidencing that you received "value" as stated in the assignment attached hereto as "Exhibit 2."

    **Response:**

14. Produce all documents evidencing that you received "value" as stated in the assignment attached hereto as "Exhibit 3."

    **Response:**

15. Produce all communications between you and any "Mortgage Servicer" of the Loan related to the Loan.  For purposes of this request "Mortgage Servicer" has the definition provided in Tex. Prop. Code § 51.0001(3).  If none, state "none."

    **Response:**

16. Produce all servicing records and notes for Loan, including records and notes.  For purposes of this request "Mortgage Servicer" has the definition provided in Tex. Prop. Code § 51.0001(3).  If none, state "none."

   **Response:**

17. Produce all telephone log sheets, internal memoranda, notes or other documents prepared or reflecting activity on the Loan account in connection with the Loan. If none, state "none."

   **Response:**

18. Produce a complete and itemized statement of the loan transactional history from the date of the origination of the Loan to the date of these requests including, but not limited to, all receipts by way of payment or otherwise and all charges to the Loan in whatever form. This history should include the date of each and every debit and credit to any account related to this Loan, the nature and purpose of each such debit and credit, and the name and address of the payee of any type of disbursement related to this account.

   **Response:**

19. Produce all descriptions and legends of all codes, acronyms, or other abbreviations used in your mortgage servicing and accounting systems so as to enable the examiners and auditors and experts retained to audit and review this Loan to interpret any and all of the Loan servicing records, notes, payment payoffs, payoff calculations, adjustable rate mortgage audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, or other documents you produce that relate to the Loan.  If none, state "none."

   **Response:**

20. Produce all documents and communications between you and MERS related to the assignment of the Deed of Trust from MERS to Deutsche attached as Exhibit 2. If none, state "none."

   **Response:**

21. Produce all documents and communications between you and SLS related to the assignment of the Deed of Trust from MERS to Deutsche attached as Exhibit 2. If none, state "none."

   **Response:**

22. Produce all documents and communications between you and Deutsche related to the assignment of the Deed of Trust from MERS to Deutsche attached as Exhibit 2. If none, state "none."

   **Response:**

8

23. Produce all documents and communications between you and MERS related to the assignment of the Deed of Trust from MERS to Deutsche attached as Exhibit 3. If none, state "none."

**Response:**

24. Produce all documents and communications between you and SLS related to the assignment of the Deed of Trust from MERS to Deutsche attached as Exhibit 3. If none, state "none."

**Response:**

25. Produce all documents and communications between you and Deutsche related to the assignment of the Deed of Trust from MERS to Deutsche attached as Exhibit 3. If none, state "none."

**Response:**

26. Produce all documents that show that Christopher Herrera was an Assistant Secretary of MERS on October 14, 2011.

**Response:**

27. Produce ten examples of Christopher Herrera's signature which were signed by Christopher Herrera himself. Half of the examples must be from either of the four-year periods before or after October 14, 2011.

**Response:**

28. Produce your personnel and human resources files for Christopher Herrera.  All information from the file may be redacted except Christopher Herrera's signatures and the dates of Christopher Herrera's signatures.

**Response:**

29. Produce all documents that show that Melanie Cowan was an Assistant Secretary of MERS on December 19, 2011.

**Response:**

30. Produce ten examples of Melanie Cowan's signature which were signed by Melanie Cowan herself. Half of the examples must be from either of the four-year periods before or after December 19, 2011.

**Response:**

9

31. Produce your personnel and human resources file Melanie D. Cowan. All information from the file may be redacted except Melanie Cowan's signatures and the dates of Melanie Cowan's signatures.

      **Response:**

32. Produce your written policies in effect on October 14, 2011 for creating and executing an assignment of a mortgage Loan.

      **Response:**

33. Produce your written procedures in effect on October 14, 2011 for creating and executing an assignment of a mortgage Loan.

      **Response:**

34. Produce your written policies in effect on December 19, 2011 for creating and executing an assignment of a mortgage Loan.

      **Response:**

35. Produce your written procedures in effect on December 19, 2011 for creating and executing an assignment of a mortgage Loan.

      **Response:**

36. Produce documents and communication showing all home addresses you have on file for Christopher Herrera, the purported signer of Exhibit 2.

      **Response:**

37. Produce documents and communication showing all home addresses you have on file for Melanie D. Cowan, the purported signer of Exhibit 3.

      **Response:**

38. Produce documents and communication showing all home addresses you have on file for Norma Rojas, the purported notary named on Exhibit 2.

      **Response:**

39. Produce documents and communication showing all home addresses you have on file for Michele Christine Preston, the purported notary named on Exhibit 3.

      **Response:**

40. Produce all written authorizations or permissions that Christopher Herrera made for someone else to affix Christopher Herrera's signature onto Exhibit 2.

**Response:**

41.  Produce all written authorizations or permissions that Melanie D. Cowan made for someone else to affix Melanie D. Cowan's signature onto Exhibit 3.

**Response:**

42.  Produce all written authorizations or permissions that Norma Rojas made for someone else to affix Norma Rojas's signature onto Exhibit 2.

**Response:**

43.  Produce all written authorizations or permissions that Michele Christine Preston made for someone else to affix Michele Christine Preston's signature onto Exhibit 3.

**Response:**

44.  Produce all entries from Norma Rojas' notary registration journal or book from October 14, 2011.

**Response:**

45.  Produce all entries from Michele Christine Preston' notary registration journal or book from December 19, 2011.

**Response:**

Respectfully submitted,

**Jeffrey Jackson & Associates, PLLC**

*/s/     Jeffrey C. Jackson*
**JEFFREY C. JACKSON**
Texas State Bar No. 24065485
2200 North Loop West, Suite 108
Houston, Texas 77018
713-861-8833 (T)
713-682-8866 (F)
jeff@jjacksonllp.com
