# EXHIBIT 1

**Motion to dismiss/judgment on the pleadings**

*Ernest v. CitiMortgage, Inc.*, No. SA:13-CV-802-DAE, 2014 WL 294544, at *7 (W.D. Tex. Jan. 22, 2014) ("Additionally, under Rule 9(b) of the Federal Rules of Civil Procedure, 'a party must state with particularity the circumstances constituting fraud or mistake.' Here, Plaintiff has done no more than make a general allegation that the assignments were forged. Plaintiff's pleading and response do not provide any factual allegations satisfying the 9(b) pleading standard.")

*Garnica v. Argent Mortg. Co., LLC*, No. 4:13-CV-2331, 2014 WL 1338703, at *9 (S.D. Tex. Mar. 27, 2014) ("The forgery allegations in this case, notwithstanding the fact that they are not contained in the Garnicas' pleadings, are essentially the same as those in *Jimenez* and *Reinagel*.")

*Staten v. GE Money Bank, FSB*, No. CV H-12-3406, 2014 WL 11697161, at *6 (S.D. Tex. May 13, 2014), *report and recommendation adopted sub nom.*, 2014 WL 11697219 (S.D. Tex. June 26, 2014), aff'd, 601 F. App'x 340 (5th Cir. 2015) ("Plaintiffs allege no facts in support of their claim, that the signature is not Forsberg's, or who actually signed the document, or why the signature was forged. Further, Plaintiffs fail to allege that the signature was 'forged' with an intent to deceive, as required to state a valid claim for common law forgery. As a result, to the extent that Plaintiffs here have standing to bring a forgery claim, they have not stated that claim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.")

*Jemison v. CitiMortgage, Inc.*, No. CIV.A. H-13-2475, 2014 WL 2739351, at *4 (S.D. Tex. June 17, 2014) ("To the extent that Jemison is arguing that the assignments were forged, his complaint has not met Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. . . Jemison has not met Rule 9(b)'s heightened pleading standard because his allegations of fraud are too general and do not identify the 'who, what, when, where, and how' of the fraud.")

*Brinson v. Universal Am. Mortg. Co.*, No. CIV.A. G-13-463, 2014 WL 4354451, at *4 (S.D. Tex. Sept. 2, 2014) ("To the extent that Brinson is arguing that the assignment was forged, her complaint has not met Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. . . . Brinson's allegations of fraud are too general and do not identify the 'who, what, when, where, and how' of the fraud.")

*Martinez v. Universal Am. Mortg. Co., LLC*, No. CV H-14-1285, 2014 WL 12618092, at *4 (S.D. Tex. Sept. 24, 2014), *report and recommendation adopted*, 2015 WL 12839152 (S.D. Tex. Mar. 13, 2015) ("With respect to the allegations that the April 2012 Assignment 'was signed by a person not Dina Shields, and signed without any authority whatsoever from the real Dina Shields,' such allegations also do not state a plausible lack of standing challenge to the Assignment.")

*Lopez v. Sovereign Bank, N.A.*, No. CIV.A. H-13-1429, 2014 WL 7446746, at *8 (S.D. Tex. Dec. 31, 2014) ("The Lopezes contend that, unlike the plaintiffs in *Reinegel*, they alleged that Beverly Brooks's signature was forged without her authorization (rather than without the corporation's authorization), making the assignment void (not voidable), and giving the plaintiffs standing to challenge it. . . Regardless of whether *Reinegel* is distinguishable on these grounds, the plaintiffs' conclusory allegations do not satisfy Rule 9(b)'s requirement to 'state with particularity the circumstances constituting fraud or mistake.'")

*Kreway v. Countrywide Bank*, No. SA15CA332OLGHJB, 2015 WL 11622495, at *2 (W.D. Tex. July 21, 2015), *report and recommendation adopted sub nom.*, 2015 WL 11622496 (W.D. Tex. Aug. 7, 2015), *aff'd sub nom. Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437 (5th Cir. 2016) ("Plaintiff has not alleged that he was a party to the assignment, an agent or assignee of a party, or a third-party beneficiary of the assignment. As such, he lacks standing to challenge MER's assignment of the deed of trust, including his contention that the forgeries on the assignments were invalid.")

*Reed v. Bank of Am., N.A.*, No. CV H-15-2005, 2015 WL 7736642, at *2 (S.D. Tex. Nov. 30, 2015) ("Reed's assertions about forgery amount to little more than a 'threadbare recital ... supported by mere conclusory statements,' which the Supreme Court has rejected as failing to show more than a 'mere possibility of misconduct.' *Iqbal*, 556 U.S. at 678.")

*Bynane v. The Bank of New York Mellon*, No. CV H-15-2901, 2015 WL 8764272, at *4 (S.D. Tex. Dec. 15, 2015), *aff'd sub nom. Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351 (5th Cir. 2017) ("Plaintiff's conclusory allegations against Johnson's signature and authority to execute the Assignment are inadequate to allow the court to draw a reasonable inference that the signature on the Assignment is forged such that the Assignment would be void rather than voidable at MERS's option.")

*Morgan v. Gov't Nat'l Mortg. Ass'n*, No. H-15-1803, 2016 WL 3058301, at *4 (S.D. Tex. May 31, 2016) ("Under Federal Rule of Civil Procedure 9(b), parties alleging fraud or mistake 'must state with particularity the circumstances constituting fraud or mistake.' Fed. R. Civ. P. 9(b). Morgan's allegations, like the *Jemison* plaintiff's, are too conclusory to meet the Rule 9(b) pleading standard.")

*Hernandez v. Town & Country Credit Corp.*, No. 4:15-CV-1718, 2016 WL 11604842, at *4 (S.D. Tex. Sept. 23, 2016) ("Plaintiffs allege that the document was not signed by Laura Bui at all. However, this is an allegation of fraud that is not supported with the proper detail as required by Fed. R. Civ. P. 9(b). . . The allegations before the Court 'amount to little more than a 'threadbare recital ... supported by mere conclusory statements,' which the Supreme Court has rejected as failing to show more than a "mere possibility of misconduct.")

*Moore v. Ameriquest Mortg. Co.*, No. 4:16-CV-00380, 2017 WL 7051073, at *3 (E.D. Tex. Jan. 17, 2017), *report and recommendation adopted*, 2017 WL 603323 (E.D. Tex. Feb. 15, 2017) ("Plaintiffs' complaint fails to adequately plead the heightened pleading standard required when asserting forgery. Rather, Plaintiffs merely state the elements of a fraud or forgery allegation without sufficient facts to support them. Thus, because Plaintiffs fail to assert they have standing to assert violations of the PSA and fail to properly plead their fraud or forgery claims, Plaintiffs' arguments that Defendants do not have standing to foreclose fails as a matter of law.")

*Hudson v. Texas W. Mortg., LLC*, No. CV H-15-1593, 2017 WL 9249491, at *4 (S.D. Tex. Feb. 9, 2017), *report and recommendation adopted*, 2017 WL 928134 (S.D. Tex. Mar. 9, 2017) ("As for Hudson's allegation that Sorenson's signature was 'forged,' such conclusory allegations also do not state a plausible lack of standing challenge to the Assignment.")

*Bellforest Tr. v. Fairway Indep. Mortg. Corp.*, No. CV H-17-1586, 2018 WL 1801592, at *2 (S.D. Tex. Jan. 4, 2018), *report and recommendation adopted sub nom.*, 2018 WL 706467 (S.D. Tex. Feb. 5, 2018) ("As for Plaintiff's allegation that LaToya Propst's signature was 'forged,' such conclusory allegations also do not state a plausible lack of standing challenge to the Assignment.")

*Bryant v. CIT Grp./Consumer Fin.*, No. CV H-16-1840, 2018 WL 1740075, at *4 (S.D. Tex. Apr. 11, 2018) ("Bryant has provided only conclusory statements that the signature on the assignment was forged. . . While he attaches documents that he claims have 'markedly different signatures,' Bryant has provided no information regarding who executed these alleged forgeries, how the forgery scheme was carried out, or why the alleged forged signatures were made.")

*Moisiuc v. Argent Mortg. Co. LLC*, No. 4:18-CV-383, 2019 WL 1330283, at *2 (S.D. Tex. Mar. 25, 2019) ("However, the allegation of forgery must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Id.* (holding that a forgery allegation was insufficiently pleaded when its only support came from an exhibit visually comparing signatures). Rule 9(b) 'requires that [Plaintiff] state with particularity the circumstances constituting the fraud. Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.' . . . However, after considering almost identical forgery allegations, the Fifth Circuit held that the allegations were insufficient under Federal Rule 9(b)'s heightened pleading standard.")

**Summary judgment**

*Guillen v. Countrywide Home Loans, Inc.*, No. CIV.A. H-15-849, 2015 WL 4393155, at *2 (S.D. Tex. Jul. 15, 2015) ("Although a forged assignment is void and can potentially be challenged by the debtor, Guillen has not submitted any evidence that the assignment was actually forged.")

*Bryant v. CIT Grp./Consumer Fin.*, No. CV H-16-1840, 2018 WL 2059152, at *2 (S.D. Tex. May 3, 2018) ("The court finds that Bryant has failed to present sufficient evidence to raise an issue of material fact regarding his forgery allegations.")

*Ybarra v. Ameripro Funding, Inc.*, No. 01-17-00224-CV, 2018 WL 2976126, at *6 (Tex. App.—Houston [1st Dist.] Jun. 14, 2018, pet. denied) ("The Ybarras have failed to make the necessary showing to defeat summary judgment on their forgery claim. They offered no evidence—just their unsubstantiated suspicion—that the assignment was forged.")

*Suri Holdings, LLC v. Argent Mortg. Co., LLC*, No. 4:19-CV-3844, 2021 WL 972888, at *2 (S.D. Tex. Feb. 8, 2021) ("Suri's pleading, asserting that 'the signature of Bryan Bly was not signed or affixed by Bryan Bly, nor was the signature signed or affixed by someone else with the knowledge or authority of Bryan Bly . . . ' is insufficient to raise a disputed fact issue.")

*Suniverse, LLC v. Universal Am. Mortg. Co.*, LLC, No. 09-19-00090-CV, 2021 WL 632603, at *11 (Tex. App.--Beaumont Feb. 18, 2021, mtn. r'hrg. denied) ("On this record, the trial court could have concluded that Suniverse did not bring forth more than a scintilla of probative evidence on fraud or forgery.")