UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAFI, INC, <br>    *Plaintiff,* <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF16, ASSET-BACKED CERTIFICATES, SERIES 2006-FF16; AND SPECIALIZED LOAN SERVICING LLC, <br>    *Defendants.* | Civil Action No. 4:20-cv-03247 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
LEAVE TO SUPPLEMENT THE FIRST AMENDED COMPLAINT**

(Related to Docket No. 67)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF16, ASSET-BACKED CERTIFICATES, SERIES 2006-FF16 ("DB") and SPECIALIZED LOAN SERVICING LLC ("SLS and together with DB, collectively, "Defendants") and files its Response to Plaintiff's Motion for Leave to Supplement the First Amended Complaint filed at Docket Entry 67, and respectfully show the Court as follows:

1

# I.
# **BACKGROUND**

1.\. On December 1, 2020, the Court entered its Rule 16 Scheduling Order at Docket Entry No. 14. According to the Scheduling Order, amendments to pleadings with leave of court shall be made by **December 31, 2020**.[1]

2.\. On April 19, 2021, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) at Docket Entry No. 40 based on Plaintiff's failure, as a matter of law, to state any cognizable claim for relief against Defendants. On or about May 10, 2021, Plaintiff filed its Response to Defendants' Motion to Dismiss at Docket Entry No. 51.

3.\. On May 13, 2021, this Court held a hearing regarding the Motion for Protective Order filed at Docket Entry No. 45. At the hearing, the Court stayed all discovery and granted Plaintiff leave to file an Amended Complaint to include all of its alleged evidence and factual support in seeking to quiet title to the Property in Plaintiff's name. Following the hearing, the Court entered a limited scheduling order regarding Defendants' pending Motion to Dismiss.[2]

4.\. On May 31, 2021, Plaintiff filed its First Amended Complaint at Docket Entry No. 59. On June 11, 2021, Defendants filed their Supplement to Motion to Dismiss at Docket Entry No. 62. Plaintiff filed its Response on July 2, 2011 at Docket Entry No. 65, followed by Defendants' Reply filed on July 9, 2021

---

[1] *See* Scheduling Order, Docket No. 14 (emphasis added).
[2] *See* Minutes and Order, Docket No. 58.

at Docket Entry No. 69. Briefing is complete and the Court currently has the Motion to Dismiss under advisement.[3]

5.  On July 6, 2021, Plaintiff filed a Motion for Leave to Supplement the First Amended Complaint, claiming that "another cause of action for declaratory relief and quiet title for violation of the statute of limitations has accrued." The Court should deny Plaintiff's request for leave. Plaintiff continues to grasp at straws in a desperate attempt to unlawfully invalidate Defendants' valid and subsisting lien while increasing the cost of this meritless litigation to the prejudice of Defendants.

## II.
## ARGUMENT & AUTHORITIES

6.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."[4] When determining "whether a party's neglect of a deadline is excusable, . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[5] Relevant factors include the danger of prejudice, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

---

[3] *See id.*
[4] Fed. R. Civ. P. 6(b)(1)(B).
[5] *Pioneer Inv. Servs. V. Brunswick Assocs. LP*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[6]

7. Plaintiff's request for leave to supplement the Amended Complaint is again based on a flawed interpretation of applicable legal authority regarding the accrual date for the statute of limitations to non-judicially foreclose a lien on real property. Plaintiff misrepresents to the Court that the accrual date is the date of a scheduled foreclosure sale, when there is simply no basis in the law to allege the statute of limitations to foreclose accrues on the date of a scheduled foreclosure sale.

8. While a notice of trustee's sale *can* be the equivalent of a notice of acceleration, the notice of trustee's sale must be preceded by the required notice of intent to accelerate to constitute a notice of acceleration.[7] Plaintiff's First Amended Complaint, along with its proposed supplement, fails to allege any plausible facts to support a credible allegation that Defendants' predecessors mailed a notice of intent to accelerate, largely because Plaintiff is not the borrower on the mortgage and alleges no relationship to the borrower in any capacity. Instead, Plaintiff wastes this Court's resources by purchasing investment properties and filing suits against

---

[6] *Id*.
[7] *See Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship*, 980 S.W.2d 916, 918-19 (Tex. App.—Fort Worth 1998, pet. denied) (holding that the notice of intent to accelerate coupled with the notice of foreclosure sale amounted to notice of acceleration); *McLemore v. Pacific Southwest Bank*, 872 S.W.2d 286, 292 (Tex. App.—Texarkana 1994, writ dism'd by agr.) (holding that "we may reasonably infer that a notice of intent to accelerate followed by a notice of trustee's sale constitutes a notice of acceleration.").

lenders with conclusory allegations in an attempt to unlawfully invalidate mortgage liens.

9. Defendants further note that Plaintiff's proposed supplement includes Exhibit 13, which is an exact duplicate of Exhibit 4 to Plaintiff's Amended Complaint. Plaintiff clearly had this Exhibit in its possession when it filed its Amended Complaint and was free to include any alleged basis to support its request to quiet title in Plaintiff's name. Regardless of Plaintiff's failure to allege its best case when this Court granted leave to file its Amended Complaint, the notice of trustee's sale attached as both Exhibit 4 and Exhibit 13 fail to state a claim upon which this Court can grant relief. The notice of trustee's sale is not dated, it does not include a file-stamp indicating it is filed in the public records, nor is it posted to the public as Plaintiff baselessly claims. The notice of trustee's sale merely references an alleged sale date of February 6, 2017, which cannot constitute the date the loan was allegedly accelerated as a matter of law.

10. There is no good cause to grant Plaintiff further leave to assert erroneous bases to claim the statute of limitations to foreclose has expired. Plaintiff simply seeks to increase the costs of litigation. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. 12(b)(6) is fully briefed and ripe for ruling. Permitting Plaintiff to supplement at this juncture prejudices Defendants, who continue to

accrue attorneys' fees to defend against Plaintiff's unscrupulous claims. The Court should deny the Motion for Leave on these grounds.

# III.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court (i) deny Plaintiff's Motion for Leave, and (ii) award Defendants such other and further relief at law, and in equity, as is just.

Respectfully submitted,

\_\_//s//  Branch M. Sheppard_____
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

Annarose M. Harding
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANTS**

7

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing the above and foregoing instrument was delivered via e-service to the following on this 14th day of July, 2021.

**VIA CM/ECF**
JEFFREY C. JACKSON
JEFFREY JACKSON & ASSOCIATES, PLLC
2200 N. LOOP WEST, STE. 108
HOUSTON, TX 77018

**VIA CM/ECF**
CONNIE FLORES
WINSTON & STRAWN, LLP
800 CAPITOL STREET, STE. 2400
HOUSTON, TEXAS 77002

**VIA CM/ECF**
MICHAEL MCKLEROY
AKERMAN LLP
2001 ROSS AVENUE, STE. 3600
DALLAS, TEXAS 75201

                                                    //s// Branch M. Sheppard
                                                    Branch M. Sheppard