United States District Court
Southern District of Texas
**ENTERED**
October 05, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Kafi, Inc., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-20-3247 |
| | § | |
| Deutsche Bank National Trust | § | |
| Company, et al., | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Defendants' motion to dismiss (D.E. 40) and supplemental motion to dismiss (D.E. 62). The motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons detailed below, the court recommends that Defendants' motions be granted in part and denied in part. Plaintiff's motion for leave to supplement the first amended complaint (D.E. 67) is granted as explained below.

### 1. Background and Procedural Posture

In this lawsuit, Plaintiff Kafi, Inc., (Kafi) seeks to avoid foreclosure on 2707 Shenandoah Drive in Pasadena, Texas, (Property). (First Amended Complaint (FAC), D.E. 59.) In 2002, Will Lomax III purchased the Property. *Id.* ¶¶ 1, 11. The transfer was memorialized in a warranty deed with vendor's lien. (FAC ¶ 11; D.E. 59-2). In 2006, Lomax "obtain[ed] a $136,850.00 purchase money mortgage

loan secured by the Property" (Loan). (FAC ¶ 10.) In 2020, Lomax transferred title to Kafi through a general warranty deed. (FAC ¶ 12; D.E. 59-12.)

Defendant Deutsche Bank National Trust Company (Deutsche Bank) as the trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed Certificates, Series 2006-FF16 is "the current purported mortgagee" of the Loan. (FAC ¶¶ 2, 36.) Defendant Specialized Loan Servicing LLC (SLS) is "the current purported mortgage servicer[.]" *Id.* ¶¶ 3, 36.

Kafi alleges, on information and belief, that Deutsche Bank and SLS "or their predecessors in interest mailed a notice of intent to accelerate followed by a notice of acceleration to [Lomax]" prior to mailing the January 2008 notice of sale to Lomax. (FAC ¶ 41.) Thereafter, Deutsche Bank and SLS "timely mailed a notice of foreclosure sale to [Lomax] indicating the Property would be sold at a nonjudicial foreclosure sale on January 1, 2008." *Id.* ¶ 39. They filed the notice of sale in the public records and publicly posted it in the county where the Property is located. *Id.* ¶¶ 40–41. In January 2008, the website foreclosehouston.com, which posts foreclosure notices obtained from Houston-area counties, posted the Property for sale. *Id.* ¶¶ 13, 42. No foreclosure was taken within four years of January 1, 2008. *Id.* ¶ 43.

The Harris County Property Records contain an assignment dated December 19, 2011, that "purportedly assigned" the deed of trust securing the Loan from

Mortgage Electronic Registration Systems, Inc., (MERS) to Deutsche Bank and was "purportedly signed" by Melanie Cowan (now known as Melanie Horton) as an assistant secretary for MERS. (FAC ¶ 16.) Kafi alleges that the assignment was "a forgery and void *ab initio*" because "the signature of Melanie Cowan was not signed or affixed by Melanie Cowan nor was the signature signed or affixed by someone else with the knowledge or authority of Melanie Cowan with regard to the Loan." *Id.* ¶ 17. Attached to its amended complaint, Kafi filed two unrelated documents purportedly bearing Cowan's signature, which Kafi alleges are "completely different" from the signature purported to be Cowan's on the December 2011 assignment. (FAC ¶ 17; D.E. 59-6; D.E. 59-8.)  Kafi alleges that Cowan was an employee of Bank of America, N.A., a prior loan servicer of the Loan, at the time she "purportedly executed" the assignment. *Id.* ¶ 18.

On August 19, 2020, Kafi filed this action in Texas state court, bringing claims for declaratory judgment for violation of the statute of limitations to foreclose, for quiet title, and for violation of Texas Civil Practice and Remedies Code § 12.002. (D.E. 1-4.) Kafi alleged that two 2011 assignments[1] from MERS to Deutsche Bank of the deed of trust were void *ab initio* as forgeries. *Id.* ¶¶ 19–22. Alternatively, Kafi

---

[1] In addition to the December 2011 assignment signed by Cowan, Kafi originally alleged that an October 2011 assignment also was forged based on a 2014 audit that identified the signer as a robosigner. (D.E. 1-4 ¶¶ 19, 21.) In its amended complaint, Kafi no longer alleges that the October 2011 assignment was a forgery. (FAC ¶ 15.)

alleged that, if the assignments were not invalid as forgeries, Defendants lack standing because "MERS was never at any point entitled to assert a secured interest on the Property" and "never name[d] who[m] it was acting for." *Id.* ¶¶ 23–26.

On September 18, 2020, Defendants removed the case based on diversity jurisdiction. (D.E. 1.) After removal, Kafi filed a motion to remand, which was denied. (D.E. 8, 20.) Kafi amended its pleading, bringing claims for declaratory judgment stating that the December 2011 assignment is void as a forgery and that the statute of limitations to foreclose has expired. (FAC ¶¶ 35–53.) Kafi also alleges that it is entitled to a declaratory judgment quieting title based on the forged assignment and the expiration of the statute of limitations. *Id.* ¶¶ 54–59.

In March 2021, Plaintiff sought by subpoena to depose Non-party Melanie Horton. (D.E. 22.) Defendants and Non-party Bank of America, N.A., filed motions to quash the subpoena and deposition. (D.E. 23, 32.) On April 19, 2021, Defendants filed the pending motion to dismiss. (D.E. 40.) At a hearing on April 27, 2021, the court granted the motions to quash and notified the parties that the court would "reconsider the issues presented if the pending motion to dismiss is denied or leave to amend is granted." (D.E. 44.) Shortly thereafter, Horton filed a motion for protective order. (D.E. 45.)

In May 2021, Kafi filed an amended complaint. (D.E. 59.) In June 2021, Defendants filed a supplemental motion to dismiss and an answer to the amended

complaint. (D.E. 62; D.E. 63.) In July 2021, Kafi filed a motion for leave to supplement its amended complaint. (D.E. 67.) The briefing on the pending motions is complete, and the motions are ripe for consideration.

## 2. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. "[A]

well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

### 3. Analysis

#### A. Forgery Allegation

Although complaints generally need only contain a "short and plain statement of the claim[,]" allegations of fraud, including forgery, require a more specialized pleading. Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 9(b); *see also Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 360 (5th Cir. 2017) (applying the heightened pleading standard of Rule 9(b) to a forgery claim). Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A pleading that does not include facts "relating to who perpetrated the alleged forgery or how, when, and where the alleged forgery was executed. . . . falls short of the pleading requirements of Rule 9(b)." *Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437, 438 (5th Cir. 2016); *see also Bynane*, 866 F.3d at 360.

In *Kreway*, the plaintiff pleaded that a "2011 assignment purportedly signed by [MERS Assistant Secretary] Bud Kamyabi is also void because it was signed or

affixed by a person not Bud Kamyabi[] and signed or affixed by a person without any authority or knowledge whatsoever from the real Bud Kamyabi." 647 F. App'x at 438 (first alteration in original). As an exhibit to the pleading, the plaintiff attached comparisons of Bud Kamyabi's signature. *Id.* Because the plaintiff failed to plead facts satisfying the requirements of Rule 9(b), the Fifth Circuit determined that the district court's "dismissal of all claims relying on the alleged forgery was proper." *Id.*; *see also Bynane*, 866 F.3d at 361 (finding that, because the forgery allegation was premised solely on the deduction that the signer's signature looked different than her signature on an unrelated assignment, the court held that the forgery allegation did not satisfy Rule 9(b)).

Defendants argue that the court's ruling in *Kreway* is dispositive of Kafi's allegation of forgery in this case. Kafi alleges:

> With regard to the 2011 Assignment, the signature of Melanie Cowan was not signed or affixed by Melanie Cowan nor was the signature signed or affixed by someone else with the knowledge or authority of Melanie Cowan with regard to the Loan; thus, the December 2011 Assignment is a forgery and void *ab initio*. This allegation is buttressed by completely different notarized signatures of Melanie Cowan . . . as well as the consent orders discussed below.

(FAC ¶ 17.) Kafi alleges that the March 2011 and the May 2015 consent orders entered between the federal government and Bank of America, N.A., Cowan's employer at the time of the December 2011 assignment, support its forgery claim. (D.E. 65 at 13.)

The March 2011 consent order stated that Bank of America, N.A., filed "numerous affidavits or other mortgage-related documents that were not properly notarized, including those not signed or affirmed in the presence of a notary[.]" (D.E. 59-9 at 2.) The May 2015 consent order stated that Bank of America, N.A.: (1) filed affidavits by its employees in which the affiant represented that the assertions were made on personal knowledge or on a review of relevant books and records when they were not; (2) filed numerous affidavits that did not follow proper notary procedures; and (3) failed to devote sufficient resources to ensure proper administration of its sworn document processes. (D.E. 59-10 at 4–5.)

The March 2011 consent order was entered nine months before the alleged forgery of Cowan's signature, and the May 2015 consent order was entered more than three years after the alleged forgery. Kafi fails to state any facts from which a jury plausibly could infer that either consent decree provided evidence that Melanie Cowan's signature was forged on the December 2011 assignment of the deed of trust. Other than the consent decrees,[2] the only pleaded factual support for the forgery allegation is that Cowan's signature on the 2011 assignment does not match her signature on other documents. That fails, as a matter of law, to satisfy Rule 9(b). *See Kreway*, 647 F. App'x at 438.

---

[2] Because Plaintiff has failed to plead facts showing the relevance of the consent decrees, the court need not decide their admissibility.

8

Kafi has failed twice to plead facts that satisfy Rule 9(b) and did not raise any additional facts in response to the motion to dismiss that suggest any facts exist that would support the forgery allegation. Therefore, the court recommends that Kafi's declaratory judgment claim based on the forgery allegation be dismissed with prejudice. To the extent that Kafi's quiet title claim relies on the forgery allegation, it too should be dismissed with prejudice.

### B. Statute of Limitations

Under Texas Civil Practice & Remedies Code § 16.035, a suit for the foreclosure of a real property lien must be brought within four years of the maturity date of the last installment of an obligation payable in installments. "[D]efault does not ipso facto start limitations running on the note" when the note or deed of trust contains an optional acceleration clause. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). In that case, the action accrues when the holder provides notice of intent to accelerate and notice of acceleration. *Id.*

Kafi sufficiently pleaded facts to assert a plausible claim that the statute of limitations to foreclose has expired. On information and belief, Kafi alleges that Defendants or their predecessors mailed Lomax a notice of intent to accelerate and a notice of acceleration prior to filing and posting a notice of foreclosure sale. (FAC ¶¶ 40–41.) Kafi alleges that foreclosehouston.com, a website that "only publishes notices of sale which were publicly available from the respective county

clerk's office where the properties are located[,]" posted the foreclosure notice. *Id.* ¶ 42. Kafi's counsel represents that he conducted a "foreclosure history" search on that website, which returned three foreclosure listings for the Property, including one with a date in January 2008. (D.E. 59-3; D.E. 59-7.) Accepting these facts as true for the purpose of the motion to dismiss, the court finds that Kafi has sufficiently pleaded the expiration of the statute of limitations to foreclose. *See Twombly*, 550 U.S. at 556 (stating that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable").

The court therefore recommends that the motion to dismiss the claim for declaratory judgment on the expiration of the statute of limitations to foreclose be denied without prejudice to Defendants' right to raise the issues in a summary judgment motion to be filed later in the case with all other dispositive motions.

### 4. Leave to Amend

Kafi filed a motion for leave to supplement the amended complaint. (D.E. 67.) Kafi argues that a second violation of the statute of limitations has accrued since the filing of the amended complaint. *Id.*

Because the deadline for amending the pleadings has passed, the court considers Kafi's request under Rule 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." Fifth Circuit precedent states:

> There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice."

*Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (first alteration in original) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).

Kafi explains that it did not amend the complaint timely because the statute of limitations to foreclose based on the second acceleration of the Loan expired after the deadline for amending. The amendment is important because it is central to Kafi's case. Defendants' opposition to amendment is focused on legal challenges and does not suggest surprise or prejudice. To the extent there is any prejudice to Defendants from the addition of this allegation, it can be cured through a continuance, which the court will grant in a separate order. The court finds good cause to allow Kafi to amend.

If this memorandum and recommendation is adopted, the claims that rely on the forgery allegation will be dismissed with prejudice and thus may not be reasserted on amendment. No later than seven days after the adoption of this memorandum and recommendation, Kafi may file an amended complaint alleging facts in support of a second violation of the statute of limitations to foreclose.

## 5. Conclusion

For the forgoing reasons, the court recommends that Defendants' motion to dismiss (D.E. 40) and supplemental motion to dismiss (D.E. 62) be granted in part and denied in part. Defendants' request for attorneys' fees is premature.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 5, 2021.

Peter Bray
United States Magistrate Judge